IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.                                          Case No. 20-mj-68

KYLE C. OLSON,

                    Defendant.

COMPLAINT FOR VIOLATION OF
TITLE 18, UNITED STATES CODE, SECTION 922(g)(1)

BEFORE United States Magistrate Judge          United States District Court
Stephen L. Crocker                             120 North Henry Street
                                               Madison, Wisconsin 53703

The undersigned complainant being duly sworn states:

<u>COUNT 1</u>

On or about May 31, 2020, in the Western District of Wisconsin, the defendant,

KYLE C. OLSON,

knowing he had previously been convicted of an offense punishable by a term of

imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting

commerce a Hi-Point JHP .45 caliber handgun, said firearm having previously traveled

in and affected interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1)).

This complaint is based on the attached affidavit of Agent Jeffrey Eleveld.

/s/

Special Agent Jeffrey Eleveld
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to telephonically this ___4th___ day of June 2020

HONORABLE STEPHEN L. CROCKER
United States Magistrate Judge

2

COUNTY OF DANE                    )
                                 ) ss
STATE OF WISCONSIN               )

## AFFIDAVIT

I, Special Agent Jeffrey Eleveld, first being duly sworn under oath, hereby depose and state as follows:

1.      I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since 2000.

2.      My duties and responsibilities with ATF include participating in the investigation and prosecution of persons who violate federal firearms laws.  As a result of my training and experience, I am familiar with federal firearms laws and I know that in accordance with Title 18, United States Code, Section 922(g)(1), it is unlawful for any person who has been convicted of an offense punishable by a term of imprisonment exceeding one year to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3.      I am familiar with the facts and circumstances set forth herein as a result of my personal knowledge of this investigation as well as my review of official reports and records and conversations with other law enforcement officers as more fully described below.  I know the law enforcement officers to be reliable inasmuch as the information they provide herein is the result of their official investigation into this matter.

4.      This affidavit is intended to show merely that there is sufficient probable

cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on the information described below, I believe that there is now probable cause that Kyle C. Olson has violated title 18, United States Code, Section 922(g)(1).

PROBABLE CAUSE

5.     On May 31, 2020, at approximately 11:00 p.m., Madison Police officers was stationed in the area of 220 West Gilman Street, in the City of Madison, Western District of Wisconsin. Law enforcement was there given the significant civil unrest then occurring in downtown Madison near the Wisconsin State Capitol and State Street. The unrest began as peaceful protest but devolved into unlawful violence, vandalism, and looting. The 200 block of Gilman Street is approximately one block from State Street where dozens of businesses were damaged and approximately four block from the Capitol.

6.     Madison Police Officer Christopher Marzullo reports that he observed a person, later identified by a Wisconsin driver's license as Kyle C. Olson. Olson parked his car in front of 220 West Gilman Street, walked behind a nearby building, and after a short time return to his car. Olson opened the trunk, reached inside, and removed a black handgun. Olson placed this handgun in his waistband at the small of his back, making sure that it was covered with his shirt.

7.     Officer Marzullo and two Madison Police detectives then contacted Olson at gunpoint. Officer Mazullo instructed Olson to put his hands up and then on top of his vehicle. Olson complied. Detective Manuel Gatdula then removed the handgun from Olson reporting that the firearm was fully loaded with a round in the chamber

and seven rounds in the magazine.

8.      Officer Marzullo then searched Olson incident to arrest. During this time Olson said that he was a felon, he had just gotten out of prison not too long ago, and he was afraid to go back.

9.      The handgun was found to be a Hi-Point JHP .45 caliber pistol with one round in the chamber and seven rounds in the magazine.

10.     Officer Marzullo read Olson his *Miranda* rights. Olson waived those rights and spoke with the officer. Olson said that he purchased the handgun from someone he knew for $250. Olson said that he "lives a boring life" and wanted to come and watch the riots as an in-person "movie." Olson said he grabbed the handgun from the trunk and placed it behind his back. Olson believed that the handgun did not have a round in the chamber, but also said that he did not really know how to use firearms. Olson said that he wanted it for protection as he was coming down to the protests, but that there were no specific threats against him.

11.     Officer Marzullo asked Olson why he was in prison. Olson said for stealing a vehicle when he was "blackout drunk." Olson also said that he was currently on parole. Your affiant knows that extended supervision is commonly called parole.

12.     Your affiant has had specialized nexus training in determining the where firearms are manufactured. Based on Madison Police reports, your affiant knows that the Hi-Point JHP .45 caliber handgun is a firearm that was manufactured outside the State of Wisconsin and has therefore travelled in interstate commerce.

13.     Your affiant has reviewed the Wisconsin Circuit Court Access (WCCA)

program, which provides computerized records of cases in Wisconsin state courts. Your affiant has used information from WCCA in past cases and knows that the information contained therein it is accurate and reliable.

14.     WCCA records show that in Rock County case number 2014CF001743, Olson was convicted on February 10, 2015, of the felony crime of Operating a Motor Vehicle While Intoxicated (4th offense within 5 years) contrary to Wisconsin State Statute section 346.63(1)(a).  On that same day he was sentenced to 1 year in jail consecutive to other cases including 2012CF0002813.

15.     WCCA records also show that in Rock County case number 2012CF002813, Olson was convicted on February 10, 2015, of the felony crime of Operating a Motor Vehicle Without Owner's Consent contrary to Wisconsin State Statute section 943.23(2).  On that same date Olson was sentenced to 6 years in prison consisting of a 3 year term of confinement and 3 year term of extended supervision.

_____
/s/

Special Agent Jeffrey Eleveld
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Subscribed to telephonically this 4th day of June 2020.

_____

Honorable Stephen L. Crocker
United States Magistrate Judge

6